*Lamar G. Rucker,* for defendant.

23062. PLEMMONS *v.* THE STATE.

DECIDED NOVEMBER 11, 1933.

*D. W. Mitchell,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

MACINTYRE, J. The record shows that the whisky was found in the home of the defendant, that there "was a one-gallon brown drugstore bottle in the kitchen and a ten-gallon keg in a back room;" that there was no evidence that any other person than the defendant and his wife lived at his home; that the witness Sludder, who said he was looking after the cooking of some beans for dinner, was the only person present when the raid was made between nine-thirty and ten o'clock in the morning; that Sludder stated to the officers that he knew nothing about the whisky, but at the trial testified that a man named Frady from Gilmer county brought the whisky there, stating that he (Frady) wanted to store it there until he could sell it; and that Sludder told the Gilmer county man where the defendant was.

The substance of the defendant's statement to the jury is that the liquor found in his house did not belong to him, and that he did not authorize any one to put it there and did not know that it was there; that he and his wife had left home at about seven o'clock in the morning and gone to his father's house to do some washing on an electric washing machine, leaving Sludder to look after the beans his wife was cooking for dinner; and that the first he knew of the liquor was when he heard that the officers had found it.

There is no evidence that any one save the defendant and his wife lived in his home. The witness Sludder stated to the officers that he knew nothing about the whisky. The whisky, being in the home of the defendant, was presumed to belong to him. The defendant undertook to rebut this presumption by the witness Sludder, whose statement to the officers was so at variance with his testimony at the trial about a material matter that the jury had the right to reject this testimony. The jury, of course, had the right to reject the defendant's statement. The jury seems to have exercised their rights, and to have rejected both. We think the judgment should be affirmed.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*